NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2977
_____

COREY BROWN,
                    Appellant

v.

CERTAIN UNDERWRITERS AT LLOYDS, LONDON;
UNDERWRITERS AT LLOYDS
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-16-cv-02737)
District Judge: Hon. J. Curtis Joyner
_____

Submitted Under Third Circuit LAR 34.1(a)
September 10, 2019

Before: CHAGARES, JORDAN, and RESTREPO, *Circuit Judges.*

(Filed: September 17, 2019)
_____

OPINION[*]
_____

_____

   [*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Corey Brown appeals from an order of the District Court granting summary judgment against him and in favor of Certain Underwriters at Lloyds, London, ("Lloyds") in this insurance coverage dispute. For the following reasons, we will affirm.

## I.  BACKGROUND

Brown obtained a fire insurance policy from Lloyds, an underwriter based in London, for a house he owned in Philadelphia. That policy contained a clause stating that the house must be occupied as a condition of coverage. To demonstrate compliance with that condition, Brown provided Lloyds with a copy of a residential lease for the house that listed Judy Cooks as a near-future tenant.

Less than three weeks later, on the day that Cooks was supposedly scheduled to move in, fires began in multiple locations in the house. The record shows the fires were spread by accelerants. Brown submitted a claim for the full policy limits of the insurance, but Lloyds began an investigation of the fires and determined that the claim should be held pending completion of the investigation.

One year later, Brown filed this action in Pennsylvania state court, seeking to compel Lloyds to pay the full policy limits as well as lost rental income. Lloyds removed the case to the District Court and asserted counterclaims alleging, among other things, that Brown had violated the Pennsylvania Insurance Fraud Statute.

During discovery, Lloyds deposed Brown. At the deposition, Brown invoked his Fifth Amendment right against self-incrimination and, on the advice of counsel, refused to answer questions related to the insurance policy, the house, or the fires.

2

Lloyds subsequently filed a motion for discovery sanctions to preclude Brown from introducing any evidence on those subjects. Brown did not respond to that motion. The District Court partially granted Lloyds's request, barring Brown from testifying on those subjects but nevertheless permitting him to introduce evidence on those subjects from other sources.[1]

Lloyds then filed a motion for partial summary judgment on Brown's claims and most of its counterclaims.[2] For support, Lloyds presented the unchallenged testimony of Cooks that she never intended to move into the house and only signed the lease so Brown could obtain insurance for the property. Once again, Brown failed to respond. The District Court granted the motion in its entirety. The Court found the following facts to be beyond genuine dispute: that Brown represented the property would be occupied based on Cooks's one-year lease; that Cooks only signed the lease so Brown could obtain insurance; that Brown never believed that Cooks would move in or pay him rent; and that those misrepresentations were material to Lloyds's risk of insuring the property.

---

[1] The District Court evaluated the motion on the merits. Relying on *SEC. v. Graystone Nash, Inc.*, 25 F.3d 187 (3d Cir. 1994), the Court noted that sanctions may be imposed in a civil case when one party invokes the Fifth Amendment to withhold discoverable material. As required by *Graystone Nash*, the Court balanced the interests of the party invoking the Fifth Amendment and the interests of the opposing party. The Court determined that precluding Brown from offering testimony was "the appropriate remedy because it preclude[d] Plaintiff from later surprising Defendant by waiving the Fifth Amendment at trial, yet [the] remedy [did] not unduly punish Plaintiff for invoking the Fifth Amendment because he [could] still advance his case with other competent evidence." (App. at 7.)

[2] Lloyds moved for summary judgment on all of its counterclaims except one, but resolution of the other counterclaims provided the relief requested in that counterclaim.

Following an evidentiary hearing, it awarded $171,397.11 in compensatory damages to Lloyds.

Brown timely appealed.

## II.  DISCUSSION[3]

In a bare bones brief, Brown argues that the District Court abused its discretion when it imposed a discovery sanction precluding him from offering testimony because he invoked his Fifth Amendment privilege against self-incrimination.  He says that he was within his rights to assert the privilege during his deposition and argues that the sanction imposed was impermissible.  He further contends that, because of the sanction, the District Court based its summary judgment decision on a deficient record.  His arguments, however, such as they are, have all been waived,[4] so we will affirm.

"Waiver … is the intentional relinquishment or abandonment of a known right." *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017) (citation and internal quotation marks omitted).  To preserve an argument for appeal, a party must "rais[e] the same *argument* in the District Court[.]"  *United States v. Joseph*, 730 F.3d 336, 337 (3d Cir. 2013).  Indeed, we have "consistently held that [we] will not consider issues that are raised for the first time on appeal."  *Harris v. City of Philadelphia*, 35 F.3d 840, 845 (3d Cir. 1994).  When a party does not raise an argument

---

[3] The District Court had jurisdiction under 28 U.S.C. §§ 1332 and 1441.  We have appellate jurisdiction under 28 U.S.C. § 1291.

[4] We recognize the difference between waiver and forfeiture.  Here, this is a deliberate waiver given Brown's invocation of his Fifth Amendment rights.

in district court, that failure "constitutes a waiver of the argument." *Belitskus v. Pizzingrilli*, 343 F.3d 632, 645 (3d Cir. 2003) (citation omitted). Failure to respond to a motion is tantamount to not raising an argument, making the argument unavailable on appeal. *Huck v. Dawson*, 106 F.3d 45, 51 (3d Cir. 1997).

Here, Brown failed to respond to any of Lloyds's arguments before the District Court, and, because of that, he never raised the arguments he now presses on appeal. His arguments have thus been waived, and we decline to address them.

## III. CONCLUSION

For the foregoing reasons, we will affirm the orders of the District Court granting summary judgment and damages to Lloyds.